IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| **MARYLAND SHALL ISSUE, INC., et al.**   )<br>  )<br>*Plaintiffs-Appellants*,   )<br>v.   )<br>  ) No. 21-2017(L)<br>**LAWRENCE HOGAN, et al.**   )<br>  ) (No. 16-cv-3311-ELH)<br>  )<br>*Defendants-Appellees*.   )<br>_____  ) | |

**MOTION TO HOLD APPEAL IN ABEYANCE**

Pursuant to Federal Rule of Appellate Procedure 27 and Local Rule 12(d), Appellants Maryland Shall Issue, Inc., Atlantic Guns, Inc., Deborah Kay Miller, and Susan Brancato Vizas, by counsel, move to hold this appeal in abeyance pending the United States Supreme Court's disposition of *New York State Rifle & Pistol Ass'n v. Bruen*, No. 20-843 (U.S.).

Local Rule 12(d) provides: "In the interest of docket control the Court may, either on its own motion or upon request, place a case in abeyance pending disposition of matters before this Court or other courts which may affect the ultimate resolution of an appeal."

In *Bruen*, the Supreme Court will determine "[w]hether [New York's] denial of petitioners' applications for concealed-carry licenses for self-defense violated the Second Amendment." Order, No. 20-843 (U.S. Apr. 26, 2021).[1] In their brief on the merits, petitioners have specifically asked the Supreme Court to address the appropriate test used to determine the constitutionality of laws burdening activity protected by the Second Amendment. In particular, the *Bruen* petitioners argue that the scope of the Second Amendment is controlled by the text, history and tradition of

---

[1] The Order may also be found at *New York State Rifle & Pistol Ass'n, Inc. v. Corlett*, No. 20-843, 2021 WL 1602643 (U.S. Apr. 26, 2021).

the Second Amendment. (Pet. Br. at 40-44). The petitioners in *Bruen* also argue that, at a minimum, strict scrutiny was required and that the Second Circuit's formulation and application of intermediate scrutiny was fatally flawed. (Pet. Br. at 47-48).

These same issues concerning the appropriate standard of review are presented here. The question in the present appeal is whether Maryland's Handgun Qualification License requirement violates the Second Amendment. Guidance from the Supreme Court as to the scope of the Second Amendment's protections and the test used to determine the constitutionality of laws burdening activity protected by the Second Amendment—both of which are contested issues in the present appeal—may affect the ultimate resolution of the present appeal.

Holding this appeal in abeyance would be unremarkable and well within this Court's discretion. *See, e.g.*, *United States v. Stafford*, 514 F. App'x 322, 323 (4th Cir. 2013) (held in abeyance pending disposition of Supreme Court case); *United States v. Smith*, 698 F. App'x 155, 156 (4th Cir. 2017) (held in abeyance before completion of briefing). Indeed, most recently, this Court agreed to hold in abeyance the appeal in another Maryland Second Amendment case pending a decision in *Bruen*. *See Call v. Jones*, No. 21-1334 (4th Cir. May 10, 2021) (Order attached). To conserve the resources of both the Court and the parties, Appellants respectfully request that the Court likewise hold this appeal in abeyance until the Supreme Court resolves *Bruen*. Appellants will notify this Court promptly upon the issuance of an opinion in *Bruen* and will make any periodic status reports required under Local Rule 12(d).

Pursuant to Local Rule 27(a), counsel for Appellants conferred with counsel for Appellees and informed them of Appellants' intent to file this motion. Appellees do not consent to this motion.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS, LLP

_____/s/_____
John Parker Sweeney
James W. Porter, III
Marc A. Nardone
1615 L Street N.W., Suite 1350
Washington, DC 20036
jsweeney@bradley.com
Phone: 202-393-7150
Facsimile: 202-347-1684

*Counsel for Appellant Atlantic Guns, Inc.*

HANSEL LAW, PC

_____/s/_____
Cary J. Hansel
2514 N. Charles Street
Baltimore, Maryland 21218
cary@hansellaw.com
Phone: 301-461-1040
Facsimile: 443-451-8606

*Counsel for Appellants*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 6th day of October, 2021, I caused the foregoing to be filed via the Court's electronic filing system, which will make service on all parties entitled to service.

                                                      /s/_____
                                              John Parker Sweeney