

**ANTHONY G. BROWN**
*Attorney General*

**CANDACE MCLAREN LANHAM**
*Chief Deputy Attorney General*

**CAROLYN A. QUATTROCKI**
*Deputy Attorney General*

# STATE OF MARYLAND
## OFFICE OF THE ATTORNEY GENERAL

FACSIMILE NO.
(410) 576-6955

WRITER'S DIRECT DIAL NO.
(410) 576-7648
WRITER'S E-MAIL ADDRESS
rdietrich@oag.state.md.us

December 12, 2023

Nwamaka Anowi
Clerk, United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

    Re:     Rule 28(j) letter, *Maryland Shall Issue, Inc., et al v. Wes Moore, et al.*, No. 21-2017

Dear Ms. Anowi:

    I write to bring to the Court's attention that, on December 8, 2023, the Second Circuit issued the attached opinion in *Antonyuk v. Chiumento*, 2023 WL 8518003, __ F.4th __ (2d Cir. Dec. 8, 2023), which addressed challenges to New York's firearms licensing restrictions enacted in the wake of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

    Although the licensing challenges in *Antonyuk* related only to New York's public-carry laws, the Second Circuit took the occasion to comment on this Court's decision in the above-referenced case. It did so in the context of explaining that, because the *Bruen* Court had expressly approved of certain states' shall-issue licensing schemes that contained "good moral character" requirements, those requirements were constitutional. To that conclusion the Second Circuit added the following:

> For this reason, we disagree with the Fourth Circuit's conclusion in *Maryland Shall Issue, Inc. v. Moore*, ⸺ F.4th ⸺, 2023 WL 8043827 (4th Cir. Nov. 21, 2023), that firearm licensing regimes based on a determination of "dangerousness" are constitutionally impermissible. The majority's conclusion, by "invalidating an entire shall-issue statute as facially unconstitutional without any discussion [of] whether the statute's requirements infringe every permit applicant's constitutional rights, … runs directly against Bruen's clear guidance on shall-issue regimes." *Id*. at … *15 (Ke[e]nan, J., dissenting). We find it especially difficult to square the court's

> conclusion that a thirty-day review period is per se an unconstitutional temporary deprivation of Second Amendment rights, *Moore*, ⸺ F.4th at ⸺, 2023 WL 8043827 at *9, with *Bruen*'s contrasting statements that "*lengthy* wait times ... [would] deny ordinary citizens their right to public carry." 142 S. Ct. at 2138 n.9 (emphasis added).

*Antonyuk*, 2023 WL 8518003, at *23 n.24.

The Second Circuit thus recognized, as Judge Keenan did in dissent, that the majority panel's decision in this case was contrary to the express instruction in *Bruen* that shall-issue licensing regimes, such as Maryland's handgun-qualification-license law, are constitutional under *Bruen*. This split in circuit authority thus affirms that en banc review is necessary on this question of exceptional importance.

Sincerely,

/s/Ryan R. Dietrich

Ryan R. Dietrich
Assistant Attorney General

cc:   All Counsel of Record