**John Parker Sweeney**
jsweeney@bradley.com
202.719.8216 direct
202.719.8316 fax



April 1, 2024

<u>Via CM/ECF</u>
Nwamaka Anowi, Clerk of Court
United States Court of Appeals for the Fourth Circuit

    RE:    No. 21-2017, *Maryland Shall Issue, Inc. v. Moore*

Dear Ms. Anowi,

    I invite the Court's attention to the recent decision of the United States Court of Appeals for the Third Circuit denying rehearing *en banc* in *Lara v. Commissioner Pennsylvania State Police*, 91 F.4th 122 (3d Cir. 2024), *pet. reh'g denied*, (3d Cir. Mar. 27, 2024), holding unconstitutional Pennsylvania's laws effectively banning 18-to-20-year-olds from publicly carrying firearms during a state of emergency, which could last only up to 21 days absent extension by Pennsylvania's legislature. (Order attached **Exhibit A**). The panel held that 18-to-20-year-olds are presumptively among "the people," *Lara*, 69 F.4th at 127, and that historical analogues from the Reconstruction Era could not satisfy the State's historical burden, *id.* at 129, 134. (Panel Op. attached as **Exhibit B**).

    This Court should hold that the Second Amendment's protections extend prima facie to all members of the political community. *Lara*, 91 F.4th at 132; *see also Range v. Att'y General*, 69 F.4th 96, 101 (3d Cir. 2023) (*en banc*), *cert. pet. filed*, No. 23-374 (Oct. 5, 2023). Laws that categorically restrict the rights of citizens must be justified by an enduring, comparable historical tradition. *Lara*, 91 F.4th at 132. The *Lara* court thus did not hesitate to find the Second Amendment's textual inquiry satisfied and require Pennsylvania to prove a comparable historical tradition, notwithstanding that Pennsylvania's restrictions involved only carry outside the home and prohibited public carry for only a few weeks.

    *Lara* also held that "the government bears the burden of identifying a 'founding-era' historical analogue to the modern firearm regulation." *Id.* at 129, 134. The *Lara* court thus "set aside" Pennsylvania's "catalogue of statutes from the mid-to-late nineteenth century" and found earlier evidence insufficient to sustain Pennsylvania's laws. *Id.* at 134–37.

    The HQL Requirement burdens conduct protected by the Second Amendment's plain text: it facially bans all citizens from acquiring and possessing a handgun for 30 days or more. The HQL Requirement's restriction on the rights of Maryland citizens cannot be justified by the text; rather, only by an enduring and comparable historical tradition. Because Maryland has failed to prove such a tradition, the HQL Requirement is unconstitutional.

April 1, 2024
Page 2

Respectfully,

*/s/ John Parker Sweeney*

John Parker Sweeney
Counsel for Plaintiff–Appellant Atlantic Guns, Inc.

cc: All counsel of record (via CM/ECF)

Enclosures: Sur Petition for Rehearing, ECF Doc. No. 86, *Lara v. Commissioner Pennsylvania State Police*, No. 21-1832 (3d Cir. Mar. 27, 2024) (**Exhibit A**); Opinion, ECF Doc. No. 77, *Lara v. Commissioner Pennsylvania State Police*, 91 F.4th 122 (3d Cir. 2024) (**Exhibit B**).