

**CANDACE MCLAREN LANHAM**
*Chief Deputy Attorney General*

**CAROLYN A. QUATTROCKI**
*Deputy Attorney General*

**LEONARD HOWIE**
*Deputy Attorney General*

**ANTHONY G. BROWN**
*Attorney General*

**STATE OF MARYLAND**
**OFFICE OF THE ATTORNEY GENERAL**

**CHRISTIAN E. BARRERA**
*Chief Operating Officer*

**ZENITA WICKHAM HURLEY**
*Chief, Equity, Policy, and Engagement*

**PETER V. BERNS**
*General Counsel*

Telephone
410-576-7648

Email
rdietrich@oag.state.md.us

May 8, 2024

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3518

Re:    *Maryland Shall Issue, Inc., et al. v. Wes Moore, et al.*
       No. 21-2017

Dear Madam Clerk:

I write to bring to the Court's attention the United States Court of Appeals for the Fifth Circuit's decision in *McRorey v. Garland*, __ F.4th __, 2024 WL 1825398 (5th Cir. Apr. 26, 2024), rejecting a challenge to background check provisions for 18- to 20-year olds seeking to purchase a firearm.  A copy of the opinion is attached hereto.

Although federal law mandates that firearms dealers conduct background checks of all prospective firearms purchasers, 18- to 20-year olds are subject to an expanded process requiring a waiting period of at least three days.  Plaintiffs sought to enjoin this additional requirement on the basis that it lacked a similar historical analogue and thus was inconsistent with the Second Amendment.

In casting aside this argument, the Fifth Circuit found controlling the Supreme Court's assertion in *New York State Rifle and Pistol Ass'n v. Bruen*, 597 U.S. 1, 38 n.9 (2022), that background checks were presumptively constitutional, and would thus only be problematic if "put toward abusive ends" such as through "lengthy wait times."  *McRorey*, 2024 WL 1825398, *4.  The Fifth Circuit rejected the notion that this was mere dicta, instead concluding that, in light of its "recent and detailed" nature, *Bruen*'s language approving of background checks—and the delays that inhere in such schemes—was binding.  *Id.*

Page 2
May 8, 2024

      The Fifth Circuit's analysis echoes the arguments advanced by the State in this case. Because *Bruen* expressly sanctioned background checks and firearms training courses, Maryland's handgun qualification license regime, which implements those mechanisms without otherwise "infring[ing]" the Second Amendment right, passes constitutional review.

                Respectfully submitted,

                /s/Ryan R. Dietrich

                Ryan R. Dietrich
                Assistant Attorney General

cc:  Counsel of Record