**John Parker Sweeney**
jsweeney@bradley.com
202.719.8216 direct
202.719.8316 fax



May 10, 2024

**Via CM/ECF**
Nwamaka Anowi, Clerk of Court
United States Court of Appeals for the Fourth Circuit

      RE:    No. 21-2017, *Maryland Shall Issue, Inc. v. Moore*

Dear Ms. Anowi,

    I write to respond to the State's letter regarding *McRorey v. Garland*, 2024 WL 1825398 (5th Cir. Apr. 26, 2024), which upheld a federal law imposing an expanded background check for 18-to-20-year-olds that mandated a three to ten-day waiting period. *McRorey*'s analysis is deeply flawed and neither applicable nor persuasive here.

    *McRorey* involved a "shall-issue regime[]." (Slip Op. at 2). The HQL Requirement is not shall-issue because obtaining an HQL still requires the purchaser to undergo another licensing process. *McRorey* might be applicable to Maryland's 77R Process that **is** shall-issue and only requires a seven-day wait; it cannot justify the HQL Requirement, which tacks a 30-day wait onto the 77R Process, plus the time to complete classroom instruction, live fire, and fingerprinting.

    *McRorey* erred by holding that *Heller* and *Bruen* effectively foreclose facial challenges to licensing criteria. (Slip Op. at 7–8). *Heller*'s statement about conditions on commercial sale applies only to "hoop[s] someone must jump through to sell a gun," not to buy one. *Hirschfeld v. ATF*, 5 F.4th 407, 416, *vacated as moot*, 14 F.4th 322 (4th Cir. 2021). *Bruen*'s carry-license dicta does not rubber-stamp any and all background checks—much less for acquisition and possession. *Bruen* merely listed examples that, for carry licensing, might survive scrutiny. *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 38 n.9 (2022). The HQL Requirement is not presumptively valid.

    Because it is not presumptively valid, it must pass the *Heller/Bruen* text and history test. Again straining to avoid that standard's application, however, *McRorey* erred by holding that restrictions on purchase, and associated delays, do not burden protected conduct at all. (Slip Op. at 9). But the text surely covers even temporary deprivations, here a month or longer. And the rights to keep and bear imply an equally protected right to acquire, which *McRorey* acknowledged, (*id.* at 11 n.18), as has this Court, *see* Panel Op. at 10–12. Any limitation on those rights must come from history. *Bruen*, 597 U.S. at 24, 30. *McRorey* ignored these controlling principles.

                                             Respectfully submitted,

                                             */s/ John Parker Sweeney*

                                             John Parker Sweeney
                                             Counsel for Plaintiff–Appellant Atlantic Guns, Inc.

cc: All counsel of record (via CM/ECF)