**John Parker Sweeney**
jsweeney@bradley.com
202.719.8216 direct
202.719.8316 fax



June 24, 2024

**Via CM/ECF**
Nwamaka Anowi, Clerk of Court
United States Court of Appeals for the Fourth Circuit

      RE:    No. 21-2017, *Maryland Shall Issue, Inc. v. Moore*

Dear Ms. Anowi,

      I invite the Court's attention to *United States v. Rahimi*, 602 U.S. ---- (June 21, 2024) (No. 22-915). *Rahimi* upheld the facial constitutionality of 18 U.S.C. § 922(g)(8) because, under our Nation's historical tradition, "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed." (Slip. Op. at 17). *Rahimi* demonstrates that the Handgun Qualification License Requirement is unconstitutional.

      *Rahimi* reaffirmed the governing methodological standard: "[w]hen the Government regulates arms-bearing conduct," it bears "the burden to 'justify its regulation'" by proving that the challenged law "fits within" this Nation's "'historical tradition of firearm regulation.'" (*Id.* at 6–7). It emphasized that "[w]hy and how the regulation burdens the right are central" to answering "whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." (*Id.* at 7). *Rahimi* drew a sharp historical contrast between the "narrow" statute it upheld and laws that "broadly restrict arms use by the public generally" like the one struck down in *Bruen*. (*Id.* at 14–16). The HQL Requirement is the latter; not the former.

      *Rahimi* rejects or severely undercuts Maryland's *en banc* arguments. First, all nine Justices rejected the argument that a Government can disarm anyone not "responsible." (*Id.* at 17; *id.* at 27 (Thomas, J., dissenting)). Maryland cannot justify the HQL Requirement by characterizing it as determining which citizens are "law-abiding, responsible citizens." (*See* ECF No. 86). Second, by rejecting the "responsible" citizen argument and resolving the case though historical tradition, *Rahimi* confirms that the HQL Requirement cannot be upheld at the textual stage or by reliance on carry-license dicta. (*See* ECF No. 86 at 15 n.6). Third, *Rahimi* forecloses Maryland's reliance on dangerous-persons prohibitions, (*id.* at 11 & n.4), because those laws are not an appropriate "historical analogue for a broad prohibitory regime" like Maryland's HQL Requirement, (Slip. Op. at 15–16).

      The HQL Requirement burdens protected conduct, and Maryland has not met its burden to prove that the law is consistent with the historical tradition of firearm regulation. The HQL Requirement is unconstitutional.

June 24, 2024
Page 2

        Respectfully,

        */s/ John Parker Sweeney*

        John Parker Sweeney
        Counsel for Plaintiff–Appellant Atlantic Guns, Inc.

cc: All counsel of record (via CM/ECF)

Enclosure: Slip Opinion, *United States v. Rahimi*, 602 U.S. ---- (June 21, 2024) (No. 22-915)