**John Parker Sweeney**
jsweeney@bradley.com
202.719.8216 direct
202.719.8316 fax



July 16, 2024

<u>Via CM/ECF</u>

Nwamaka Anowi, Clerk of Court
United States Court of Appeals for the Fourth Circuit

    RE:    No. 21-2017, *Maryland Shall Issue, Inc. v. Moore*

Dear Ms. Anowi,

    I invite the Court's attention to an intervening summary disposition by the United States Supreme Court in *Antonyuk v. James*, S. Ct. Case No. 23-910, 603 U.S. at 4. On July 2, 2024, the Supreme Court granted the petition for writ of certiorari, vacated the judgment in *Antonyuk v. Chiumento*, 89 F.4th 271 (2d Cir. 2023), and remanded the case to the United States Court of Appeals for the Second Circuit for further consideration in light of the Supreme Court's decision in *United States v. Rahimi*, 602 U.S. ---, 2024 WL 3074728 (U.S. June 21, 2024). (Order attached as **Exhibit A**).

    That disposition is directly relevant to the en banc Court's resolution of this case. The State contends here that Maryland's HQL Requirement is constitutional under *Bruen* because it is a "procedural mechanism" that imposes "de minimis" burdens to enforce the "substantive limitation" of firearms possession by dangerous persons. In support, the State's en banc briefing relies heavily on the Second Circuit's *Antonyuk* decision, which incorrectly relied on *Bruen*'s carry-license dicta to suggest that an interest-balancing test – one that takes no account of historical context – could justify licensing criteria that burdens Second Amendment conduct. (ECF No. 86 at 9, 16 n.4, 18–19, 19 n.5.)

    As explained in Atlantic Guns's supplemental en banc briefing (ECF No. 85 at 16–17), *Antonyuk* misread *Bruen*, and as a result it has never been relevant to the question of whether Maryland's HQL Requirement impermissibly burdens Second Amendment conduct. But whether *Antonyuk* sheds any light on the constitutionality of Maryland's HQL Requirement is now a moot point. The Supreme Court's order vacating and remanding for further consideration consistent with *Rahimi* has stripped *Antonyuk* of all relevance or persuasive authority here.

                                                    Respectfully submitted,

                                                   <u>/s/ John Parker Sweeney</u>

                                                   John Parker Sweeney
                                                   Counsel for Plaintiff–Appellant Atlantic Guns, Inc.

July 16, 2024
Page 2

cc: All counsel of record (via CM/ECF)

Enclosures: Summary Disposition Order, *Antonyuk v. James*, Case No. 23-910 (July 2, 2024) (**Exhibit A**).