

**CANDACE MCLAREN LANHAM**
*Chief Deputy Attorney General*

**CAROLYN A. QUATTROCKI**
*Deputy Attorney General*

**LEONARD J. HOWIE III**
*Deputy Attorney General*

**ZENITA WICKHAM HURLEY**
*Chief, Equity, Policy, and Engagement*

(410) 576-7648

**STATE OF MARYLAND
OFFICE OF THE ATTORNEY GENERAL
CIVIL DIVISION**

**ANTHONY G. BROWN**
*Attorney General*

**JULIA DOYLE**
*Division Chief*

**PETER V. BERNS**
*General Counsel*

**CHRISTIAN E. BARRERA**
*Chief Operating Officer*

**RYAN R. DIETRICH**
*Assistant Attorney General*

rdietrich@oag.state.md.us

July 16, 2024

Via CM/ECF

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Re: *Maryland Shall Issue, Inc. v. Moore*, No. 21-2017

Dear Ms. Anowi:

Defendants hereby respond to the plaintiffs' letter (Doc. 100) advising this Court of the recent decision of the United States Supreme Court in *United States v. Rahimi*, 144 S. Ct. 1889 (2024).

In *Rahimi*, the Court had "no trouble" concluding that 18 U.S.C. § 922(g)(8) survived a facial constitutional challenge under the Second Amendment. *Id.* at 1902. In doing so, the Court clarified that the core question at the second step of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), is not whether a modern regulation is supported by "a 'dead ringer' or a 'historical twin,'" but whether a "challenged regulation is consistent with the *principles* that underpin our regulatory tradition." *Id.* at 1898 (emphasis added).

To the extent that this Court reviews Maryland's handgun qualification license regime under the second step of the *Bruen* analysis, *Rahimi* undercuts the notion, advanced by plaintiffs, that Maryland's law is unconstitutional simply because the State cannot point to any law at the Founding that similarly required individuals to obtain a license before acquiring a handgun. Instead, like the licensing schemes approved in *Bruen* (which, like Maryland's law, require background checks and firearms training), Maryland's HQL law fits squarely within the historical tradition of regulating access to firearms by those who "pose a credible threat to the physical safety of others." 144 S. Ct. at 1902.

In other respects, *Rahimi* fails to provide any support for plaintiffs' arguments in this case. Indeed, as in prior precedents, the Court disclaimed any intent to "undertake an exhaustive historical analysis ... of the full scope of the Second Amendment." More importantly, the Court cabined its holding to the particular statute at issue, concluding "only" that 18 U.S.C. § 922(g)(8) was facially constitutional.

Sincerely,

/s/Ryan R. Dietrich

Ryan R. Dietrich


Cc: All counsel through CM/ECF