

**CANDACE MCLAREN LANHAM**
*Chief Deputy Attorney General*

**CAROLYN A. QUATTROCKI**
*Deputy Attorney General*

**LEONARD J. HOWIE III**
*Deputy Attorney General*

**ZENITA WICKHAM HURLEY**
*Chief, Equity, Policy, and Engagement*

(410) 576-7648

**JULIA DOYLE**
*Division Chief*

**PETER V. BERNS**
*General Counsel*

**CHRISTIAN E. BARRERA**
*Chief Operating Officer*

**RYAN R. DIETRICH**
*Assistant Attorney General*

rdietrich@oag.state.md.us

**STATE OF MARYLAND
OFFICE OF THE ATTORNEY GENERAL
CIVIL DIVISION**

**ANTHONY G. BROWN**
*Attorney General*

July 16, 2024

Via CM/ECF

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Re: *Maryland Shall Issue, Inc. v. Moore*, No. 21-2017

Dear Ms. Anowi:

  Defendants hereby respond to plaintiffs' letter (Doc. 101) advising this Court of the summary disposition of the U.S. Supreme Court in *Antonyuk v. James*, No. 23-910, 2024 WL 3259671 (July 2, 2024). The Supreme Court granted the petition for writ of certiorari, vacated the judgment in *Antonyuk v. Chiumento*, 89 F.4th 271 (2d Cir. 2023), and remanded the case to the U.S. Court of Appeals for the Second Circuit for further consideration in light of the Court's decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024).

  In *Rahimi*, the Supreme Court had "no trouble" concluding that 18 U.S.C. § 922(g)(8) survived a facial constitutional challenge under the Second Amendment. *Id*. at 1902. In doing so, the Court clarified that the core question at the second step of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), is not whether a modern regulation is supported by "a 'dead ringer' or a 'historical twin,'" but whether a "challenged regulation is consistent with the *principles* that underpin our regulatory tradition." *Id*. at 1898 (emphasis added).

  In *Antonyuk*, the Second Circuit addressed a challenge to a litany of New York's firearms laws, including those relating to licensing requirements for public-carry permits and restrictions on the public carrying of firearms at sensitive places. Applying the *Bruen* standard, the Second Circuit upheld some of New York's laws while striking down others as unconstitutional.

Although the Supreme Court's order has in fact vacated the judgment in *Antonyuk*, the order, which was summary in nature, does nothing to undermine the Second Circuit's underlying reasoning. Indeed, the overarching message of *Rahimi* was to provide guidance to those courts that had applied *Bruen*'s test too narrowly to strike down "common sense" legislation.

Nor does the Court's order have any direct impact on this case. Although the State did rely on *Antonyuk* to support its position, the principles that the Second Circuit applied, and that the State advanced in its briefing, were all derived from *Bruen*. Plaintiffs' attempt to use the order to support their arguments thus misses the mark.

Sincerely,

/s/Ryan R. Dietrich

Ryan R. Dietrich

Cc: All counsel through CM/ECF